**Opinion issued June 11, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————————————

## NO. 01-12-00917-CV

——————————————

## MICHAEL M. CARTER, Appellant

## V.

## HARRIS COUNTY APPRAISAL DISTRICT AND THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT, Appellees

---

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2010-67745**

---

## O P I N I O N

In this ad valorem tax case, appellant Michael M. Carter sued the Harris

County Appraisal District and the Appraisal Review Board of Harris County

Appraisal District (collectively, the "Taxing Authorities") seeking judicial review of the board's decision regarding the appraised value of real property owned by Carter. The Taxing Authorities moved to dismiss for lack of subject-matter jurisdiction, contending that Carter did not substantially comply with the statutory requirements of Tax Code section 42.08.[1] The trial court granted the motion and dismissed the suit with prejudice. On appeal, Carter presents four issues challenging the trial court's judgment.

We reverse and remand.

## Background

Michael M. Carter owns real property ("the Property") in Houston, Harris County, Texas. For tax year 2010, Harris County Appraisal District ("HCAD") appraised the value of the Property to be $2,448,837.00. Carter filed a protest of the appraised value with the Appraisal Review Board of Harris County Appraisal District ("ARB"). The protest resulted in the appraised value of the Property being lowered to $2,365,000.00. Based on this lower appraised value, the ad valorem taxes owed by Carter on the Property for tax year 2010 was $54,835.95.

On October 13, 2010, Carter filed suit against ARB and HCAD seeking judicial review of the appraisal board's final decision regarding the appraised value of the Property. The 2010 taxes on the Property were due by February 1, 2011.

---

[1] *See* TEX. TAX CODE ANN. § 42.08 (Vernon Supp. 2012).

2

Carter did not pay the taxes by this date. After obtaining a loan, Carter paid the taxes on March 24, 2011.

On August 1, 2011, the Taxing Authorities moved to dismiss the suit for lack of subject-matter jurisdiction. They asserted that Carter did not substantially comply with the prepayment requirements of Tax Code section 42.08(b).[2] The Taxing Authorities pointed out that section 42.08(b) requires the taxpayer to pay at least the taxes due on the portion of the taxable value of the property not in dispute before the delinquency date. They asserted that compliance with the subsection 42.08(b)'s prepayment requirement is a prerequisite to maintaining judicial review of the ARB's final decision and that a failure to comply with the prepayment requirement results in the trial court's loss of subject-matter jurisdiction over the suit. The Taxing Authorities averred that, because Carter had not paid the taxes by the delinquency date, the trial court was required to dismiss the suit for lack of subject-matter jurisdiction pursuant to section 42.08(b).

Carter responded to the dismissal motion. He also filed "Plaintiff's Property Tax Code Section 42.08(d) Motion for Substantial Compliance and/or Excusing Prepayment." In the motion, Carter asserted that he had been financially unable to pay the 2010 taxes in full by the delinquency date. Carter supported his claim with

---

[2]    *See id.*

3

his own affidavit or "oath" in which he testified that he had not been financially able to pay the taxes when they became delinquent.

Carter averred in his affidavit, in relevant part, as follows:

> The ad valorem taxes for the property were due before February 1, 2011. The ad valorem taxes for the property were not paid prior to February 1, 2011 because as of January 31, 2011, the due date, I was financially unable to pay those taxes in full. In early March 2011, still unable to pay the taxes, I contacted Propel Financial Services to obtain a loan to pay the taxes. On March 24, 2011, I contracted for a loan to pay the taxes, with all penalties and interest thereon. The taxes were paid directly by Propel after closing on the loan. Although some funds were deposited into the account between January 31, 2011 and March 30, 2011, the funds were used to pay the mortgage on the property and operating costs associated with the business. Had funds been available to pay both operating costs, along with the mortgage, and the taxes, I would have paid both. If the mortgage had not been paid, the property would have been subject to foreclosure. If the operating costs had not been paid, the business would not have had any additional income as it would not have been able to operate. If fund[s] had been available to pay the taxes any time prior to the delinquency date or any time prior to the taxes being paid in March, I would not have incurred the debt of an interest-bearing loan to pay the taxes.

Carter attached his checking account records and loan documents to the affidavit to support his inability-to-pay claim. He also asserted that, by filing his oath of inability to pay the 2010 taxes, Tax Code section 42.08(d) excused the prepayment requirement found in section 42.08(b).[3] Because he was financially unable to pay the taxes when due, Carter requested the trial court to determine that

---

[3] *Id.* § 42.08(d).

the prepayment requirement would constitute an unreasonable restraint on his access to the courts.

The Taxing Authorities filed a reply. They asserted that Carter had failed to substantially comply with section 42.08(d) because he had failed to timely file his oath of inability to pay. The Taxing Authorities pointed to the fact that Carter had filed the oath after the delinquency date. They also argued that Carter failed to demonstrate an inability to pay the taxes.

The trial court held a hearing on the Taxing Authorities' motion to dismiss and on Carter's subsection 42.08(d) motion requesting the trial court to determine that he was excused from prepayment of the taxes. A transcript of the hearing, however, does not appear in the record. The trial court signed an order granting the Taxing Authorities' motion to dismiss for lack of subject-matter jurisdiction, dismissing Carter's suit with prejudice.

This appeal followed. Identifying four issues, Carter asserts that the trial court erred by granting the Taxing Authorities' motion to dismiss and by its failure to grant his motion requesting the trial court to excuse his prepayment of the taxes.

**Standard of Review**

Compliance with the prepayment requirements of section 42.08 is a jurisdictional prerequisite to the district court's subject matter jurisdiction to determine a property owner's rights. *See U. Lawrence Boze' & Assoc. P.C. v.*

5

*Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet) (citing *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ)). Because the issue of whether a trial court has subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a motion to dismiss for lack of jurisdiction. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *see also U. Lawrence Boze*, 368 S.W.3d at 23 (conducting de novo review of grant of plea to the jurisdiction that was based on failure to substantially comply with section 42.08); *Dallas Cent. Appraisal Dist. v. 717 S. Good Latimer Ltd.*, No. 05–09–00779–CV, 2010 WL 1729343, at *1 (Tex. App.—Dallas Apr. 29, 2010, pet. denied) (mem. op.) (same).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues presented. *Tex. Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). When a challenge to the existence of jurisdictional facts does not implicate the merits of the case and the facts are disputed, the court must make the necessary fact findings to resolve the jurisdictional issue. *See id.* at 226 ("Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.").

## Tax Code Section 42.08

Chapter 42 of the Tax Code governs judicial review of a determination made by the ARB. *See* TEX. TAX. CODE ANN. §§ 42.01–42.43 (Vernon 2008 & Supp. 2012). Within that chapter, section 42.08 requires, in part, as follows:

> Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
> > (1)    the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
> >
> > (2)    the amount of taxes due on the property under the order from which the appeal is taken.
>
> (b-1) This subsection applies only to an appeal in which the property owner elects to pay the amount of taxes described by Subsection (b)(1). The appeal filed by the property owner must be accompanied by a statement in writing of the amount of taxes the property owner proposes to pay.

*Id.* § 42.08(b), (b-1) (Vernon Supp. 2012). Generally, with some exceptions not applicable here, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a) (Vernon 2008). In this case, Carter does not contend that he complied with subsection 42.08(b). It is undisputed that he did not pay any portion of the taxes before the delinquency date. "Courts have repeatedly held that if the

7

property owner does not pay any portion of the assessed taxes by the delinquency date, even if it later pays some or all of the taxes after the due date, the property owner has not substantially complied with section 42.08(b)." *U. Lawrence Boze'*, 368 S.W.3d at 27.

Instead, Carter asserts that he was excused from complying with subsection 42.08(b) because he complied with subsection 42.08(d), which provides an exception to the prepayment requirement of subsection (b). Subsection 42.08(d) excuses a property owner from subsection 42.08(b)'s prepayment requirement if (1) he files an "oath of inability to pay the taxes at issue" and (2) the trial court determines that "such prepayment would constitute an unreasonable restraint on the party's right of access to the courts."[4] TEX. TAX CODE ANN. § 42.08(d); *see U. Lawrence Boze'*, 368 S.W.3d at 30. The Taxing Authorities argued in their

---

[4] Subsection (d) reads, in relevant part, as follows:

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. . . . If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

*Id.* § 42.08(d).

8

dismissal motion that Carter did not substantially comply with section 42.08(d) because he did not timely file his oath of inability to pay. They also asserted that Carter failed to show by his oath that he was unable to pay the 2010 taxes; thus, prepayment of the taxes did not constitute an unreasonable restraint on his right of access to the courts.

The record is silent regarding the basis on which the trial court granted the Taxing Authorities' plea to the jurisdiction. The trial court's judgment dismissing the suit is only supportable if we presume that the trial court agreed with the Taxing Authorities and made at least one of the following implied determinations:

> (1) Carter's filing of the oath of inability to pay did not substantially comply with subsection (d).

> (2) Carter failed to show, by his oath, that he was unable to pay the 2010 taxes by the delinquency date; therefore, prepayment of the 2010 taxes would not constitute an unreasonable restraint on his right of access to the courts.

In deciding this appeal, we must determine whether Carter fully or substantially complied with subsection (d) when he filed his oath of inability to pay. We also must determine whether the record supports the conclusion that prepayment of the 2010 taxes would not constitute an unreasonable restraint on Carter's right of access to the courts because Carter failed to show that he was financially unable to pay the taxes before delinquency.

9

## A.    Compliance with Subsection 42.08(d)

The Taxing Authorities contend that Carter failed to comply, substantially or otherwise, with subsection 42.08(d) because Carter filed his oath of inability to pay after the tax delinquency date, i.e., after January 31, 2011.  Section 42.08 does not immediately require full compliance upon filing the suit for judicial review; if a property owner "substantially complies," the owner receives a thirty-day grace period to fully comply before the trial court is required to dismiss the action.  TEX. TAX CODE ANN. § 42.08(d).  "Substantial compliance" means that one has performed the "essential requirements" of a statute and it "excuse[s] those deviations from the performance required by statute which do not seriously hinder the legislature's purpose in imposing the requirement."  *U. Lawrence Boze'*, 368 S.W.3d at 27 (citing *Mo. Pac. R.R. Co. v. Dallas Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ)).

To reiterate, Carter filed suit seeking judicial review of the ARB property valuation decision on October 13, 2010.  In his petition, Carter stated, "Pursuant to [Tax Code] Section 42.08, Plaintiff intends on timely paying all taxes due on the property, or the taxes due on the undisputed portion of the value of the property, or, if unable to timely pay the lesser of these amounts, Plaintiff requests relief from the Court."  As pled, Carter left open the three options available to him under section 42.08: (1) pay all the taxes by the delinquency date; (2) pay the taxes on the

10

undisputed portion of the value of the property; or (3) seek relief from the trial court, i.e., request to be excused from prepayment of the taxes by filing an oath of inability to pay.

The 2010 taxes became delinquent on February 1, 2011. Before that time, Carter did not pay any portion of the taxes or otherwise specifically inform the Taxing Authorities that he was unable to timely pay either the full or the undisputed portion of taxes. Carter obtained a loan and paid the full amount of taxes, plus penalties and interest, on March 24, 2011.

The Taxing Authorities filed their motion to dismiss Carter's suit for lack of subject-matter jurisdiction on August 1, 2011. They argued that dismissal was required pursuant to subsection 42.08(b) because Carter had failed to pay any portion of the taxes before the February 1 delinquency date.

On August 11, 2011, Carter responded to the dismissal motion and a filed a motion pursuant to subsection 42.08(d), requesting the trial court to excuse him from subsection 42.08(b)'s prepayment requirement. In support of the motion, Carter filed oath of inability to pay in which he testified that he had been financially unable to pay the taxes in full by the due date of January 31, 2011. The oath was supported by records from his checking account and documents evidencing the loan he had taken to pay the taxes.

11

Under these facts, we must determine whether Carter substantially or fully complied with subsection 42.08(d) by filing his oath of inability on August 11, 2011—more than six months after the delinquency date—even though he had not informed the Taxing Authorities prior to delinquency that he was unable to pay. The court in *Dallas Central Appraisal District* was presented with a similar fact pattern. There, the taxpayer filed its original petition seeking judicial review of the appraisal board's determination on August 15, 2008. 2010 WL 1729343, at *1. The taxpayer's deadline to pay taxes on the subject property was February 1, 2009. *Id.* The taxpayer filed its oath of inability to pay on May 6, 2009. *Id.* The appraisal district asserted that "because [the taxpayer] failed to file its oath of inability to pay until approximately three months after the delinquency date, its oath was not timely filed and did not give [the appraisal district] proper notice." *Id.* at *2. The appraisal district argued that the taxpayer "failed to substantially comply with the statute." *Id.* The appraisal district asserted that the trial court erred by denying its plea to the jurisdiction. *Id.*

The appellate court determined that the taxpayer had complied with subsection 42.08(d) when it filed its oath of inability to pay after the delinquency date and without previous notice to the taxing authority. *See id.* The court reasoned, "The statute does not provide a deadline for filing an oath of inability to pay and we are not inclined to create one by judicial mandate." *Id.* The court

12

noted that the appraisal district had acknowledged that subsection 42.08(d) does not contain an explicit deadline for filing the oath. *See id.* at *2 n.1.

We agree with the Dallas Court of Appeals. As that court recognized, "We are required to construe the taxing statute strictly against the taxing authority." *Id.* at *2 (citing *Wilson Communications, Inc. v. Calvert*, 450 S.W.2d 842, 844 (Tex. 1970)). We should liberally construe a statute designed to relieve a property owner from the harshness of the forfeiture of appeals to accomplish its statutory purpose. *U. Lawrence Boze'*, 368 S.W.3d at 26 (citing *J.C. Evans Constr. Co., Inc. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 449 (Tex. App.—Austin 1999, no pet.); *Jackson Hotel Corp. v. Wichita Cnty. Appraisal Dist.*, 980 S.W.2d 879, 882 (Tex. App.—Fort Worth 1998, no pet.)).

The Taxing Authorities contend that a possible legislative objective of subsection 42.08(d) is to notify the interested parties of the property owner's inability to pay, thereby notifying the taxing units of the tax dollars that will not be paid prior to the delinquency date. *Cf. J.C. Evans*, 4 S.W.3d at 452. Nonetheless, from its language, it is clear that a definite legislative objective of subsection 42.08(d) is to insure that property owners, who are financially unable to prepay their tax liability, have access to the courts to challenge the valuation of their property. *See id.* It is possible that the legislature chose not to require a taxpayer

to file his oath of inability before the delinquency date in order to encourage him to continue seeking funds to pay his taxes.

We are also mindful that a statute's silence can be significant. *See PPG Industr., Inc. v. JMB/Houston Centers Partners L.P.*, 146 S.W.3d 79, 84 (Tex. 2004). The legislature could have required a taxpayer to file his oath of inability to pay before delinquency to preserve his right to judicial review, but subsection 42.08(d) contains no such requirement. In contrast, subsection 42.08(b) expressly provides that a taxpayer will forfeit his right to judicial review if he does not pay at least the undisputed portion of the taxes before the delinquency date.

"Our role in statutory construction is merely to give effect to the Legislature's intent by examining the plain meaning of the statute." *City of Round Rock v. Rodriguez*, No. 10–0666, 2013 WL 1365906, at *8 (Tex. Dec. 8, 2011) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) ("It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes according to the language the Legislature used. . . ."). Here, we must give effect to the statute's silence on the issue of when the oath of inability to pay must be filed. *See id.* (citing *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex. 1984) ("While this court may properly write in areas traditionally reserved to the judicial branch of government, it would be a usurpation of our powers to add language to a law where the [L]egislature has refrained."); *Simmons v. Arnim*, S.W.

66, 70 (Tex. 1920) ("[Courts] are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law.")).

We hold that, to comply with subsection 42.08(d), a taxpayer is not required to file the oath of inability to pay, or otherwise to notify the taxing authorities of his inability to pay, before the delinquency date. *See* TEX. TAX CODE ANN. § 42.08(d); *Dallas Cent. Appraisal Dist.*, 2010 WL 1729343, at \*2. In this case, Carter timely filed his oath of inability to pay when he filed it on August 11, 2011.

In their brief, the Taxing Authorities also link Carter's subsection 42.08(d) compliance to compliance with subsection 42.08(b-1). Subsection (b-1) requires the taxpayer to accompany his suit for judicial review with a statement in writing of the amount of taxes he proposes to pay when he elects to pay only the undisputed portion of the taxes before the delinquency date, as allowed by subsection 42.08(b)(1). *See* TEX. TAX CODE ANN. § 42.08(b-1). The Taxing Authorities contend that that Carter was required to plead specifically whether he intended to pay the taxes in full or to pay only the undisputed amount. They point out that Carter did not specify the amount that he would pay.

Contrary to the Taxing Authorities' contention, subsection 42.08(b-1) requires the taxpayer to identify the amount he intends to pay only if he elects to pay the lesser, undisputed amount. *See id.* If he does not make the election, a

15

taxpayer will be required to pay the full amount of taxes or substantially comply with subsection 42.08(d). *See id.* § 42.08(b), (b-1), (d). If he does neither, he will forfeit his right to judicial review. *See id.* § 42.08(b), (d).

Here, Carter stated in his petition that he would pay either the full amount or the undisputed amount. Because he did not elect to pay only the undisputed amount, Carter was required, by default, to pay the full amount of taxes by the delinquency date, *or to comply with subsection 42.08(d). See id.* Here, the issue is whether Carter complied with subsection 42.08(d), not whether he complied with the prepayment requirements of subsection 42.08(b). The Taxing Authorities have not shown how Carter failed to comply with subsection 42.08(d) when he did not elect to pay the undisputed portion of the taxes.[5]

The Taxing Authorities had the burden to show that Carter did not substantially comply with subsection 42.08(d). *See U. Lawrence Boze'*, 368 S.W.3d at 26. In this respect, the Taxing Authorities asserted that Carter had not

---

[5] The Taxing Authorities also assert that Carter did not comply with subsection 42.08(d) because he did not enter into an installment payment plan with HCAD as permitted by the Tax Code. They cite *J.C. Evans Construction Co. v. Travis Central Appraisal District* in which the appellate court held that the taxpayer had substantially complied with subsection 42.08(d) by entering into an installment payment plan with the appraisal district. *See* 4 S.W.3d 447, 452 (Tex. App.—Austin 1999, no pet.). Entering into a payment agreement with the taxing authority may be one way to substantially comply with subsection 42.08(d). However, entering into such an agreement is not statutorily required nor is it the only possible method of compliance.

timely filed his oath of inability to pay the 2010 taxes. The Taxing Authorities did not meet their burden to show Carter did not timely file his oath. Carter, however, demonstrated that he had complied with the timeliness aspect of subsection 42.08(d).[6]

## B.    Showing of Inability to Pay 2010 Taxes

The parties agree that requiring prepayment of the 2010 taxes would constitute an unreasonable restraint on Carter's right of access to the courts if Carter showed that he was financially unable to pay the taxes on January 31, 2010. The Taxing Authorities assert that the proof offered by Carter was inadequate to show his inability to pay the taxes by that date.

Subsection 42.08(d) defines neither the required content of the oath of inability to pay nor the evidentiary standards to be met by a taxpayer seeking to be excused from prepayment under that subsection. *See* TEX. TAX CODE ANN. § 42.08(d). As the Dallas Court of Appeals noted, "Although the tax code does not specify the form or contents of the oath of inability to pay, it has to be reduced to writing in order to be filed with the trial court." *Optovision Techs., Inc. v. Dallas Cent. Appraisal Dist.*, No. 05-04-01605-CV, 2005 WL 1524637, *3 (Tex. App.— Dallas June 29, 2005, pet. denied). The court stated, "An affidavit is an oath

---

[6]    Although the statute requires only that a taxpayer "substantially comply" with subsection 42.08(d), Carter fully complied with respect to the timeliness of the filing of his oath of inability to pay, which is the compliance issue involved in this suit.

17

reduced to writing, constituting prima facie evidence that an oath was taken." *Id.* It explained, "A document must meet several requirements to be considered an affidavit: it must be signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified by the officer under his seal of office." *Id.* The court concluded, "If these formalities are not met, the use of the instrument as proof of the oath is vitiated. *Id.*

In this case, the Taxing Authorities do not dispute that the document filed by Carter met the requirements of an affidavit. Instead, the Taxing Authorities point out that Carter stated in his affidavit that he was unable to pay the "full amount" of the taxes on January 31, 2011, the last day to pay the taxes before they became delinquent. The Taxing Authorities assert that "the relevant question was not whether [Carter] could pay the full amount, but whether [he] could pay *any* amount." (Emphasis in original.) We disagree.

As discussed *supra*, Carter did not expressly elect, as provided in subsection 42.08(b-1), to pay only the undisputed portion of the 2010 taxes. As a result, Carter was required to pay the full amount of taxes by the delinquency date. Whether Carter could have preserved his right to judicial review by paying any amount of money the taxes before delinquency—that is, by substantially complying with subsection 42.08(b)'s prepayment requirement—is not a question before us. Here, Carter sought to be excused from the prepayment requirement

18

under subsection 42.08(d) by filing an oath of inability to pay the amount of taxes due on January 31, 2011. The amount Carter owed on the due date was the full amount of the taxes.

The Taxing Authorities also contend that Carter's evidence was deficient for the following reasons:

- Carter testified in his affidavit that he waited until after the delinquency date to seek a loan to pay the delinquent taxes;

- Carter's supporting checking account documentation was unintelligible;

- Carter did not negate other sources from which he could obtain funds to pay the taxes;

- Carter did not show that the business operating on the property could not pay the taxes;

- Most of the loan documents Carter offered were undated and unsigned; and

- Carter offered no oral testimony at the hearing to establish his inability to pay.

We focus on whether Carter's evidence adequately conveyed his inability to pay the taxes due on January 31, 2011. *Cf. Moreno v. Perez*, 363 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reviewing affidavit of indigence, in context of Rule of Appellate Procedure 20.1, to determine whether appellant had adequately proven she was financially unable to pay for appellate record and explaining that affidavit need not specifically address all the items enumerated in Rule 20.1(b), including appellant's ability to obtain a loan, if the affidavit

19

adequately conveyed appellant's inability to pay). In so doing, we apply the general rule in civil cases that the burden of proof is by a preponderance of the evidence. *See El Paso Refining, Inc. v. Scurlock Permian Corp.*, 77 S.W.3d 374, 382 (Tex. App.—El Paso 2002, pet. denied) (recognizing that usual standard of review in civil cases is preponderance of evidence); *see Moreno*, 363 S.W.3d at 743 (placing preponderance-of-the-evidence burden on applicant offering affidavit of indigence to obtain free appellate record when affidavit is contested)

We can find no basis to penalize Carter for failing to offer the evidence the Taxing Authorities identify as lacking, particularly when subsection 42.08(d) does not specify the items a taxpayer must prove to show that he was financially unable to pay the taxes on the due date. Although it requires an oath of inability to pay, subsection 42.08(d) does not require the submission of live testimony. *See* TEX. TAX CODE ANN. § 42.08(d). We also continue to be mindful that we must liberally construe a statute, such as subsection 42.08(d), that is designed to relieve a property owner from the harshness of the forfeiture of the right to judicial review. *See U. Lawrence Boze'*, 368 S.W.3d at 26.

In his sworn affidavit, Carter testified that "the ad valorem taxes for the property were not paid prior to February 1, 2011 because as of January 31, 2011, the due date, I was financially unable to pay those taxes in full." His testimony indicated that he was able to pay the taxes after the due date only by obtaining a

20

loan. Carter testified that "[i]f fund[s] had been available to pay the taxes any time prior to the delinquency date . . ., I would not have incurred the debt of an interest-bearing loan to pay the taxes."

Carter's banking records—offered in support of his testimony that he was unable to pay—indicate that, on January 5, 2011, his checking account balance was $1,389.28. By January 27, 2011, the balance was $1,144.90. On February 2, 2011, the account contained $886.23. The taxes owed by Carter on January 31, 2011 totaled $54,835.95.

The record contains no evidence calling into question the veracity of Carter's testimony regarding his inability to pay the taxes. Although the Taxing Authorities point out that the bank records are difficult to read, there is no indication that the account balances, which are legible, do not accurately reflect the amount of money in Carter's bank account in the days immediately preceding and following the date the taxes were due. Nor is there any evidence to refute Carter's affidavit testimony that he had to resort to obtaining an interest-bearing loan to pay the taxes.

We conclude that Carter demonstrated by a preponderance of the evidence that he was financially unable to pay the taxes on January 31, 2010. Because he made this showing, requiring Carter to prepay the taxes as a prerequisite to judicial

21

review constitutes an unreasonable restraint on his right of access to the courts. *See* TEX. TAX CODE ANN. § 42.08(d).

## C.    Summary

Carter complied with subsection 42.08(d) by timely filing his oath of inability to pay on August 11, 2011. *See id.* Carter sufficiently proved that he was financially unable to pay the taxes by the delinquency date. Because of his financial inability, any requirement that Carter had to pay the taxes by the due date to avoid forfeiture of his right to judicial review constitutes an unreasonable restraint on his right of access to the courts. *See id.*

We hold that the trial court erred by granting the Taxing Authorities' motion to dismiss Carter's suit for lack of subject-matter jurisdiction. We further hold that the trial court erred to the extent that it implicitly denied Carter's motion, under subsection 42.08(d), to be excused from the prepayment requirement of subsection 42.08(b).

We sustain Carter's four issues to the extent that they encompass the issues discussed *supra*.[7]

## Conclusion

---

[7]    We do not reach a number of sub-issues discussed by Carter in his general issues because they are not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

22

We reverse the judgment of the trial court and remand for further proceedings.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Bland.