**Opinion issued March 27, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00272-CV**

———————————

**JR WELLNESS SERVICES, LLC, Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-45984**

---

**MEMORANDUM OPINION**

In this ad valorem tax case, appellant JR Wellness Services, LLC ("JR Wellness") sued the Harris County Appraisal District ("HCAD") to challenge the appraised value of business personal property for the 2010 tax year. HCAD filed a

plea to the jurisdiction, contending that JR Wellness did not substantially comply with the statutory prepayment requirement. The trial court granted the plea to the jurisdiction and dismissed the suit. In its sole issue, JR Wellness contends that the trial court erroneously granted HCAD's plea to the jurisdiction.

We affirm.

## Background

In 2010, JR Wellness operated a chiropractic clinic in southwest Houston. HCAD appraised the value of JR Wellness's business personal property at $223,525 for the 2010 tax year and assessed $5,642.29 in taxes. JR Wellness never paid any portion of the assessed taxes for this tax year. JR Wellness also did not file a protest of the appraised value with the Harris County Appraisal Review Board ("the Board"), as allowed by Texas Tax Code Chapter 41.

On March 7, 2012, JR Wellness filed a "Personal Property Correction Request/Motion" pursuant to Tax Code section 25.25 to correct the appraised value for the 2010 tax year.[1] In explaining why it sought a correction, JR Wellness stated that it did not receive a rendition form or the form got lost in the mail, that the business ceased operating on December 31, 2010, and that the value of the

---

[1] JR Wellness also indicated in its correction motion that the appraised value for the 2011 and the 2012 tax years should also be corrected. Because JR Wellness sought judicial review only as to the Board's ultimate determination regarding the 2010 tax year, however, we will not further address the appraised values for the 2011 and 2012 tax years.

2

personal property should not be more than $16,000. JR Wellness attached a "Statement of Use, Sale, Nonexistence of Property, or Discontinuance of Business" affidavit, completed by Kazi Hossain, the president of JR Wellness, which echoed the correction motion and stated, "We are out of business as of 12/31/2010. The asset value for 2010 was extremely high and should not be more than $16,000.00."

The Board denied JR Wellness's correction motion on July 2, 2012. JR Wellness timely filed a petition for review in the district court, challenging the Board's denial of its correction motion. JR Wellness alleged that the Board "did not provide any formula used in reaching the outrageous appraised amount," that the appraisal "is excessive for a business that lasted for about six months before folding," and that "[t]here is absolutely no way the business was even worth $20,000, not to speak of $223,000." JR Wellness then stated, "Plaintiff will pay the full amount of the tax assessment as soon as the appropriate amount of tax is determined in accordance with Tex. Const. Art. VII, §§1.20."

On February 19, 2013, HCAD filed a plea to the jurisdiction. HCAD argued that because JR Wellness did not pay taxes on the portion of the property value not in dispute prior to the delinquency date for the 2010 tax year, as required by the prepayment provision of Tax Code section 42.08, the trial court lacked jurisdiction over JR Wellness's petition for judicial review. As supporting evidence, HCAD attached a "Delinquent Tax Statement Summary," which reflected the amount of

3

taxes, penalties, and interest that JR Wellness owed for the 2010 tax year. This document and an attached "Payment History Report" reflected that JR Wellness had not paid any portion of the assessed taxes.

In response, JR Wellness reiterated that it had not existed as an entity since December 31, 2010. It further argued that, in the order denying the correction request, the Board did not notify JR Wellness "of the necessity to pay the outstanding tax for the year 2010" prior to seeking judicial review. It argued that HCAD could not seek dismissal for lack of jurisdiction when JR Wellness had timely filed its petition for judicial review with the trial court. JR Wellness also attached the affidavit of Kazi Hossain, who averred that he appeared at the hearing before the Board on behalf of JR Wellness "ready to pay for appraisal of the actual value of the property at $16,000." He averred that he "wrote a check in the amount of the estimated amount of $403.88, the Board refused." He also stated that he was financially unable to pay the assessed taxes of $5,642.29. He further averred:

> The most important aspect of this case was that I personally tendered the sum of $403.88 to the Board during the appeal, the Board refused to accept the payment. I know that part of the requirement for me to file the case in district court is that I must first pay the amount that is not in dispute. That amount is $403.88. The reason why I did not pay that amount is because the Board refused to accept the payment after the hearing. I was told that I would hear from them at a later date—at which time I will pay the amount that the Board decides. When I received the Board's order, it was for the same ridiculous rejected amount of $5,642.

4

Hossain concluded his affidavit by stating, "I am still ready to pay the amount owed for the year 2010 at the rate of $403.88."

The trial court granted HCAD's plea to the jurisdiction and dismissed JR Wellness's suit. This appeal followed.

## Standard of Review

Compliance with Tax Code section 42.08's prepayment requirement is "a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights." *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ)). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 23; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004) (holding that we review trial court's ruling on jurisdictional plea de novo).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues presented. *Carter v. Harris Cnty. Appraisal Dist.*, 409 S.W.3d 26, 30 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "When a challenge

5

to the existence of jurisdictional facts does not implicate the merits of the case and the facts are disputed, the [trial] court must make the necessary fact findings to resolve the jurisdictional issue." *Id.*

**Substantial Compliance with Prepayment Requirement**

A taxpayer owes a continuing obligation to pay taxes on its property. *Atascosa Cnty. v. Atascosa Cnty. Appraisal Dist.*, 990 S.W.2d 255, 258 (Tex. 1999); *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 24. The State of Texas has jurisdiction to tax tangible personal property if the property is located in Texas for longer than a temporary period. *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 24; s*ee* TEX. TAX CODE ANN. § 11.01(c)(1) (Vernon 2008); *id.* § 21.02(a)(1) (Vernon Supp. 2013) ("[T]angible personal property is taxable by a taxing unit if it is located in the unit on January 1 for more than a temporary period."); *see also id.* § 11.14(a) (Vernon 2008) ("A person is entitled to an exemption from taxation of all tangible personal property . . . that the person owns and that is not held or used for production of income.").

Tax Code Chapter 41 entitles a property owner to file an administrative protest of certain actions with the appraisal review board, including the determination of the appraised value of the taxpayer's property. *See* TEX. TAX CODE ANN. § 41.41(a) (Vernon 2008); *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 24. Generally, a property owner must file a written notice of protest within

6

thirty days after the owner receives notice of the appraised value of the property. *See* TEX. TAX CODE ANN. § 41.44(a) (Vernon Supp. 2013). It is undisputed that JR Wellness did not administratively protest the appraised value of its business personal property for the 2010 tax year pursuant to Chapter 41.

If the time limits for initiating a Chapter 41 administrative protest have expired, a property owner may still move to correct certain limited errors in the appraisal records by filing a correction motion pursuant to Tax Code section 25.25. *See id.* § 25.25 (Vernon Supp. 2013); *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 25 ("[Section 25.25] also allows a property owner to move to correct errors in the appraisal records after the time limits for a Chapter 41 administrative protest have expired; however, '[a] property owner's ability to change approved tax appraisal rolls is clearly limited.'") (quoting *Anderton v. Rockwall Cent. Appraisal Dist.*, 26 S.W.3d 539, 542 (Tex. App.—Dallas 2000, pet. denied)). A property owner may move the appraisal review board to correct, for any of the five preceding tax years, (1) clerical errors that affect a property owner's liability for a tax imposed in that tax year; (2) multiple appraisals of a property in that tax year; (3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or (4) an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year. *See* TEX. TAX CODE ANN. § 25.25(c). A property owner may also, at any time prior to the date the taxes

become delinquent, move the appraisal review board to correct an error that resulted in an incorrect appraised value "that exceeds by more than one-third the correct appraised value." *Id.* § 25.25(d). If the chief appraiser and the property owner do not agree to the correction within fifteen days after the date the motion is filed, the property owner is "entitled on request to a hearing on and a determination of the motion by the appraisal review board." *Id.* § 25.25(e).

Tax Code Chapter 42 governs suits for judicial review of appraisal review board orders. *See id.* §§ 42.01–.43 (Vernon 2008 & Supp. 2013). A property owner is entitled to seek judicial review of an appraisal review board order determining, among other things, a correction motion filed under section 25.25. *See id.* § 42.01(a)(1)(B) (Vernon Supp. 2013). Section 42.08(b) requires:

> Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of
>
> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
>
> (2) the amount of taxes due on the property under the order from which the appeal is taken.[2]

---

[2] The current version of the statute, which applies to proceedings pending on or filed on or after June 14, 2013, allows a property owner to comply with section 42.08(b) by paying "the amount of taxes imposed on the property in the preceding tax year." TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp. 2013).

Act of May 12, 1997, 75th Leg., R.S., ch. 203, 1997 Tex. Gen. Laws 1070 (amended 2013) (current version at TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp. 2013)).

Generally, with some exceptions not applicable here, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *See* TEX. TAX CODE ANN. § 31.02(a) (Vernon 2008); *see also id.* § 31.04 (Vernon 2008) (providing that delinquency date may be postponed in certain circumstances). "Courts have repeatedly held that if the property owner does not pay any portion of the assessed taxes by the delinquency date, even if it later pays some or all of the taxes after the due date, the property owner has not substantially complied with section 42.08(b)." *Carter*, 409 S.W.3d at 30–31 (quoting *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 27); *J.C. Evans Constr. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 451 (Tex. App.—Austin 1999, no pet.).

Subsection 42.08(d) provides an exception to the prepayment requirement contained in subsection (b):

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. On the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any

grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

TEX. TAX CODE ANN. § 42.08(d); *see id.* § 42.08(e) (requiring movant, at least forty-five days before hearing to determine substantial compliance, to mail notice of hearing by certified mail to collector for each taxing unit that imposes taxes on property). A property owner may avoid forfeiting its right to a final determination of its suit for judicial review if it substantially complies with either subsection 42.08(b), subsection 42.08(d), or some combination of both. *See U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 26 (quoting *J.C. Evans Constr.*, 4 S.W.3d at 450).

Because HCAD sought dismissal of the suit for lack of subject matter jurisdiction, it had the burden to establish that JR Wellness did not substantially comply with section 42.08. *See id.*; *Lee v. El Paso Cnty.*, 965 S.W.2d 668, 671 (Tex. App.—El Paso 1998, pet. denied) ("The party seeking dismissal for lack of jurisdiction maintains the burden of proof."). Whether a property owner has substantially complied with section 42.08 is a factual matter to be determined by the trial court on a case-by-case basis. *See U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 26; *J.C. Evans Constr.*, 4 S.W.3d at 449. We construe tax statutes strictly against the taxing authority and liberally in favor of the taxpayer, and, if the

10

statute is designed to relieve a property owner from the harshness of forfeiture, we liberally construe the statute to accomplish that purpose. *See U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 26.

The Tax Code provides the "exclusive" procedures for adjudication of a property-tax protest. *See* TEX. TAX CODE ANN. § 42.09(a) (Vernon 2008); *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 27. "Compliance with the tax code is a jurisdictional prerequisite to pursuing judicial review, and failure to strictly comply with the time lines set forth in the code is a jurisdictional defect precluding review." *Tarrant Appraisal Dist. v. Gateway Ctr. Assocs., Ltd.*, 34 S.W.3d 712, 714 (Tex. App.—Fort Worth 2000, no pet.).

JR Wellness challenges the business personal property taxes assessed for the 2010 tax year. The delinquency date for these taxes was February 1, 2011. *See* TEX. TAX CODE ANN. § 31.02(a) (providing that, generally, taxes are delinquent if not paid before February 1 of year following year in which taxes were imposed). It is undisputed that JR Wellness has never paid any portion of the assessed taxes for the 2010 tax year, let alone paid the taxes by February 1, 2011. Because JR Wellness did not pay any portion of the assessed taxes by the delinquency date, it has not substantially complied with subsection 42.08(b). *See Carter*, 409 S.W.3d at 30–31; *U. Lawrence Boze' & Assocs.*, 368 S.W.3d at 27.

11

We must now determine whether JR Wellness substantially complied with subsection 42.08(d), under which a property owner may be excused from the prepayment requirement. In response to HCAD's plea to the jurisdiction, which sought dismissal of JR Wellness's suit on the basis that it had not substantially complied with section 42.08, JR Wellness filed the affidavit of Kazi Hossain, the president of JR Wellness. Hossain averred that, when he appeared before the Board in 2012 at the hearing on JR Wellness's section 25.25 correction motion, he argued that the "actual value" of the property was $16,000 and offered to pay $403.88 in taxes on that value. He further averred, "I was unable to pay the actual value of the property because the Board told me to pay the [assessed] amount of $5,642.29. I did not have the funds to pay such an amount. The business was losing money." JR Wellness did not file an "oath of inability to pay" the taxes at issue with the trial court; thus, the above statement in Hossain's affidavit is the sole evidence before the trial court that JR Wellness could not pay the assessed taxes.

JR Wellness has not, at any point in these proceedings, either in response to HCAD's plea to the jurisdiction or in its briefing on appeal, argued that it ought to be excused from section 42.08's prepayment requirement due to its inability to pay the taxes at issue. JR Wellness has neither cited section 42.08(d) nor argued that it has substantially complied with this subsection. JR Wellness did not move the trial court to determine whether it had substantially complied with subsection 42.08(d),

12

nor did it request a hearing on this issue before the trial court. *See* TEX. TAX CODE ANN. § 42.08(d) ("After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. On the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section . . . .").

Although section 42.08(d) does not specify what evidence must be offered or what items a taxpayer must prove to establish that it was financially unable to pay the assessed taxes at issue, the taxpayer must still establish its inability to pay by a preponderance of the evidence before it may be excused from the prepayment requirement. *See Carter*, 409 S.W.3d at 35–36; *see also Palaniappan v. Harris Cnty. Appraisal Dist.*, --- S.W.3d ---, No. 01-11-00344-CV, 2013 WL 6857983, at *7 (Tex. App.—Houston [1st Dist.] Dec. 31, 2013, no pet. h.) ("[W]e conclude that Palaniappan failed to demonstrate by a preponderance of the evidence that he was financially unable to pay the taxes on the due date."). JR Wellness offered no evidence, beyond Hossain's conclusory statement in his affidavit that he "did not have the funds to pay [the assessed] amount," to support a contention that, as of the delinquency date of February 1, 2011, it lacked the financial ability to pay the

assessed taxes. Thus, even if we construe Hossain's affidavit attached in response to HCAD's plea to the jurisdiction as an oath of inability to pay, we conclude that JR Wellness has not demonstrated that it substantially complied with the provisions of subsection 42.08(d), such that it may be excused from the prepayment requirement.

JR Wellness complains that the Board, in its order denying JR Wellness's correction motion, did not inform it that it had to comply with the prepayment requirement to avoid forfeiting its right to a final determination of its appeal. As HCAD points out, however, the Board was under no obligation to include this specific information in its order. Tax Code section 41.47 governs an appraisal review board's determination of a property owner's protest. *See* TEX. TAX CODE ANN. § 41.47 (Vernon Supp. 2013). Subsection (e) specifies what language must be included in the order:

> The notice of the issuance of the order must contain a prominently printed statement in upper-case bold lettering informing the property owner in clear and concise language of the property owner's right to appeal the board's decision to district court. The statement must describe the deadline prescribed by Section 42.06(a) of this code for filing a written notice of appeal, and the deadline prescribed by Section 42.21(a) of this code for filing the petition for review with the district court.

*Id.* § 41.47(e). No other statutory provision mandates that an appraisal review board include specific language in an order determining protest. The order determining JR Wellness's protest contains the language required by section

14

41.47(e). The Board was not required to include any further language informing JR Wellness of the prepayment requirement.

JR Wellness also points to a property rendition statement filed by a company called US Feni Wellness Center, LLC, which was apparently located at the same property as JR Wellness and which challenged the assessed business personal property taxes for the 2011 and the 2012 tax years, two years in which HCAD also assessed taxes against JR Wellness. JR Wellness thus argues that "HCAD assessed business personal property taxes on two separate entities on the same property." We agree with HCAD, however, that even if HCAD taxed the same business personal property twice—a contention that JR Wellness has offered no evidence to support—that fact is not relevant to JR Wellness's petition for judicial review, which explicitly challenged the assessment of taxes only for the 2010 tax year.

Because we conclude that JR Wellness did not substantially comply with either subsection 42.08(b) or 42.08(d) of the Tax Code, we hold that the trial court correctly granted HCAD's plea to the jurisdiction and dismissed JR Wellness's petition for judicial review.[3]

---

[3] To the extent JR Wellness contends that it substantially complied with section 42.08 because Hossain appeared at the hearing before the Board and tendered $403.88 as payment for taxes on the undisputed value of the property, but the Board refused to accept the payment, JR Wellness has not established that the Board was the proper entity to accept payment of a portion of the assessed taxes. *See, e.g.*, TEX. TAX CODE ANN. § 31.06(a) (Vernon Supp. 2013) ("Except as provided by Section 31.061, taxes are payable only as provided by this section. A

15

We overrule JR Wellness's sole issue.

## Conclusion

We affirm the judgment of the trial court.



                                        Evelyn V. Keyes
                                        Justice

Panel consists of Justices Keyes, Bland, and Brown.

---

*collector* shall accept United States currency or a check or money order in payment of taxes and shall accept payment by credit card or electronic funds transfer.") (emphasis added); *id.* § 1.04(15) (Vernon 2008) (defining "collector" as "the officer or employee responsible for collecting property taxes *for a taxing unit* by whatever title he is designated") (emphasis added); *id.* § 1.04(12) (defining "taxing unit" as political unit "that is authorized to impose and is imposing ad valorem taxes on property . . . ."). Appraisal review boards do not fall within the definition of "taxing units." *Cf. id.* § 41.03(a) (Vernon 2008) ("A taxing unit is entitled to challenge before the appraisal review board . . . ."); *Lamar Cnty. Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 644 (Tex. App.— Texarkana 2002, no pet.) ("Appraisal review boards are vested by law with, *inter alia*, two duties: to determine protests initiated by property owners and to determine challenges by taxing units.").