**J.C. EVANS CONSTRUCTION CO., INC., Appellant,**

v.

**TRAVIS CENTRAL APPRAISAL DISTRICT, Appellee.**

No. 03–98–00508–CV.

Court of Appeals of Texas, Austin.

Oct. 28, 1999.

Construction Act, TEX. GOV'T CODE ANN. § 311.001 (Vernon 1998).

G. Walter McCool, Brusniak Clement Harrison & McCool P.C., Austin, for Appellant.

Sandra Griffin, Linebarger Heard Goggan Blair Graham Pena & Sampson LLP, Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

MACK KIDD, Justice.

J.C. Evans Construction Co., Inc. appeals the trial court's dismissal of its ad valorem tax valuation lawsuit for failure to comply with Texas Tax Code Annotated section 42.08 (West 1992 & Supp.1999). We will reverse and remand.

### Background

For tax year 1997, J.C. Evans Construction Co., Inc. filed a notice of protest on certain of its real property with the Travis Central Appraisal District's Appraisal Review Board. Following the Appraisal Review Board's consideration of the protest and issuance of its order, J.C. Evans filed a lawsuit appealing the Appraisal Review Board's decision. *See* Tex. Tax Code Ann. §§ 42.01(1)(A); 42.21(a) (West 1992 & Supp.1999).

The Travis Central Appraisal District ("TCAD") filed a motion to dismiss J.C. Evans' appeal, alleging that J.C. Evans failed to comply with section 42.08 of the Tax Code which generally requires the prepayment of taxes to maintain an appeal to district court. The parties entered a stipulation of facts for the hearing on TCAD's motion to dismiss. The stipulation of facts established that J.C. Evans did not pay its taxes by the due date, February 2, 1998.[1] *See* Tex. Tax Code Ann. § 42.08(b) (West Supp.1999). How-

---

1. Taxes are delinquent if not paid before February 1 of the year following the year in which the tax is imposed; however, if the last day to perform is on a weekend or holiday, the act is timely if performed on the next regular business day. *See* Tex. Tax Code Ann.

ever, the stipulation also established that on February 2, 1998, J.C. Evans contacted the Travis County Tax Assessor–Collector, informed the assessor-collector that it could not timely pay its 1997 taxes on the subject property and other properties it owned, and indicated that the company wanted to arrange an installment agreement. On February 18, 1998, J.C. Evans and the assessor-collector entered an installment agreement, which required J.C. Evans to pay its 1997 tax liability[2] plus penalty and interest[3] within nine months. At the time of the hearing on the motion to dismiss held July 15, 1998, J.C. Evans was current in its installment payments. J.C. Evans did not file an affidavit of inability to pay its taxes. The trial court determined that J.C. Evans had not substantially complied with section 42.08 and dismissed the lawsuit for lack of jurisdiction. J.C. Evans raises a single issue on appeal.

### Discussion

■■■ As the party seeking dismissal for lack of jurisdiction, TCAD had the burden to establish that J.C. Evans did not substantially comply with the requirements of section 42.08. *See Lee v. El Paso County*, 965 S.W.2d 668, 671 (Tex.App.—El Paso 1998, pet. denied); *Southwestern Apparel, Inc. v. Bullock*, 598 S.W.2d 702, 704 (Tex.Civ.App.—Austin 1980, no writ). Whether a property owner has substantially complied is a factual matter to be determined by the trial court on a case-by-case basis. *See Harris County Appraisal Dist. v. Bradford Realty, Ltd.*, 919 S.W.2d 131, 135 (Tex.App.—Houston [14th Dist.] 1994, no writ). We must construe tax statutes strictly against the taxing authority and liberally in favor of the taxpayer. *See Arch Petroleum, Inc. v. Sharp*, 958 S.W.2d 475, 478 (Tex.App.—Austin 1997, no pet.) (citing *Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 271–72 (Tex.1979). Where a statute is designed to relieve a property owner from the harshness of the forfeiture of appeals, it should be liberally construed to accomplish that purpose. *See Jackson Hotel Corp. v. Wichita County Appraisal Dist.*, 980 S.W.2d 879, 882 (Tex. App.—Fort Worth 1998, no pet.).

### Statutory Authority

The Tax Code generally requires a property owner to prepay the owner's taxes in order to maintain a protest of the appraised value of the property in dispute. *See* Tex. Tax Code Ann. § 42.08(b).[4] The prepayment provision requires the payment of the lesser of: 1) the amount of taxes due on the portion of the taxable value of the property which is not in dispute; or 2) the amount of taxes due on the property under protest. The statute provides an exception to prepayment, however, if the property owner is unable to pay. *See id.* § 42.08(d).[5] In order to comply

§§ 1.06, 31.02(a) (West 1992). January 31, 1998 was a Saturday; thus the due date was February 2, 1998.

2. The installment agreement involved the subject property and other property as well.

3. *See* Tex. Tax Code Ann. § 33.02(b), (c) (West 1992 and Supp.1999).

4. Section 42.08(b) provides in its entirety:
(b) Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property

before the delinquency date to comply with this subsection is the lessor of:
(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
(2) the amount of taxes due on the property under the order from which the appeal is taken.
Tex. Tax Code Ann. § 42.08(b) (West Supp. 1999).

5. Section 42.08(d) provides in its entirety:
(d) After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of the tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access

with the inability to pay portion of section 42.08(d), a property owner is required to: 1) file an oath of inability to pay, and 2) have a hearing on the issue of whether the access to courts will be unreasonably restricted by requiring the property owner to prepay. *Id.* The statute also provides a thirty-day grace period for a property owner who substantially, but not fully, complies with section 42.08. *See id.* Given the stipulations of the parties that J.C. Evans did not prepay prior to the delinquency date and did not file an oath of inability to pay, this case turns on whether J.C. Evans *substantially* complied with section 42.08.

## Substantial Compliance

■ J.C. Evans argues that it is not necessarily required to prepay its taxes or to file an oath of inability to pay before the delinquency date to substantially comply with section 42.08. J.C. Evans contends that under the facts presented here, its conduct was sufficient to substantially comply with section 42.08 and avoid the forfeiture of appeal provision. TCAD argues that to avoid the forfeiture provision, a property owner must either: 1) strictly comply with section 42.08(d) by filing an oath of inability and having a hearing, or 2) substantially comply with the prepayment provision in section 42.08(b) by paying at least the amount not in dispute. According to TCAD's argument, however, the substantial compliance language only applies to the prepayment provision in section 42.08(b) and not to the inability to pay portion in section 42.08(d).

■ We disagree with TCAD's interpretation of section 42.08. Section 42.08(d) provides that the trial court must determine whether a property owner has substantially complied with "this section." *See* Tex. Tax Code Ann. § 42.08(d). By using "this section," it is indisputable that the "substantial compliance" language applies to the inability to pay portion of section 42.08(d), as well as the prepayment provision in subsection (b).[6] When interpreting a statute, we must give effect to each sentence, clause, phrase and word if reasonably possible, because every word in a statute is presumed to have been used for a purpose. *See Eddins–Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93, 96 (1957). TCAD's construction of section 42.08(d) fails to recognize the distinction between "section" and "subsection." Accordingly, we reject TCAD's argument that the substantial compliance language only applies to the prepayment provision, and hold that a property owner may avoid the forfeiture provision by substantially complying with either section 42.08(b) or (d), or some combination of both. Accordingly, we must determine whether J.C. Evans' conduct substantially complied with either section 42.08(b), (d), or a combination of both.

**1. Substantial Compliance with subsection (b)**

■ Subsection (b) requires a property owner to pay prior to the delinquency date the lesser of the amount not in dispute or the current tax liability. *See* Tex. Tax Code Ann. § 42.08(b). Failure to satisfy the prepayment provision may result in forfeiture of an appeal unless the prop-

to the courts. On the motion of a party, the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.

Tex. Tax Code Ann. § 42.08(d) (West Supp. 1999).

**6.** Section 42.08(d) refers to "this section" and not "subpart" or "subsection." *See* Tex. Tax Code Ann. § 42.08(b), (d).

erty owner substantially complies with subsection (b). *See* Tex. Tax Code Ann. § 42.08(d). "Substantial compliance" means one has performed the "essential requirements" of a statute. *See Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex.App.—Dallas 1987, no writ). The term has been applied to excuse deviations from a statutory requirement if such deviations do not seriously hinder the legislature's purpose in imposing the requirement. *Id.* The legislature sought to accomplish two objectives by requiring property owners to prepay: (1) to insure that property owners would not use the right of judicial review as a subterfuge for delaying or avoiding payment of some of the tax; and (2) to provide that local governments which rely on property tax revenue for operation would not be unduly impeded by granting the property owners judicial review. *Id.* The railroad paid all taxing units but paid one taxing unit less than it was due pursuant to section 42.08(b). The court concluded that the railroad satisfied the legislative objectives and should not be denied its right of judicial review in light of "such a minimal deviation." *Id.*

Cases construing the substantial compliance language in the context of the prepayment provision fall generally into one of two categories. The first category involves property owners who did not pay by the due date and either eventually paid several months late or did not pay at all. In these cases, courts have routinely dismissed for want of jurisdiction, reasoning that *some amount* had to be paid by the due date. *See, e.g., Harris County Appraisal Dist. v. Dipaola Realty Assocs., L.P.*, 841 S.W.2d 487, 489–90 (Tex.App.— Houston [1st Dist.] 1992, writ denied); *Filmstrips and Slides, Inc. v. Dallas Cent. Appraisal Dist.*, 806 S.W.2d 289, 290–91 (Tex.App.—Dallas 1991, no writ); *Ferguson v. Chillicothe Indep. Sch. Dist.*, 798 S.W.2d 395, 397–98 (Tex.App.—Amarillo 1990, writ denied) (emphasis added). The second category involves property owners who timely pay most but not all the tax

liability owing. When a portion of the taxes have been paid by the due date, courts have found substantial compliance sufficient to avoid forfeiture. *See, e.g., Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership*, 787 S.W.2d 513, 515 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Missouri Pac. R.R. Co.*, 732 S.W.2d at 721.

In this case, J.C. Evans informed the assessor-collector on February 2, 1998, the due date, that it could not timely pay and that it wanted to enter an installment agreement. The assessor-collector accepted J.C. Evans' representation of inability to pay, entered into the installment agreement, and proposed the terms of a formal installment agreement on February 6, 1998. J.C. Evans signed the agreement on February 18, 1998. The installment agreement obligated J.C. Evans to begin payments in February and pay the total tax liability by the end of October 1998. However, no taxes had been paid by the due date.

We believe the facts of this case are distinguishable from the cases requiring some payment by the delinquency date. In those cases, where a property owner did not pay and the trial court determined that the property owner had not substantially complied, there was no evidence that the property owner and the assessor-collector executed an installment agreement. In this case, the installment agreement was contemplated and discussed by the parties on the due date and signed within approximately two weeks of the due date. We conclude that this is a "minimal deviation" as espoused in *Missouri Pacific*, and the type of conduct intended to be addressed by the substantial compliance provision.

We also note that J.C. Evans' conduct substantially complies with the objectives articulated in *Missouri Pacific*. It cannot reasonably be said that J.C. Evans' conduct in contacting the assessor-collector and entering the installment agreement is an attempt to avoid paying taxes. By entering the installment agreement, J.C.

Evans agreed to pay the total tax liability, penalties and interest. Although the payment is made in installments rather than a lump sum, TCAD presented no evidence that the delay would be a detriment to the taxing units. Moreover, the assessor-collector agreed to the installment agreement in lieu of a lump sum payment. This deviation from strict compliance with the prepayment provision does not seriously hinder the objectives of subsection (b). Since J.C. Evans could not timely pay, the taxing units are receiving J.C. Evans' tax payment no later than if there had been no valuation lawsuit filed. Given that the installment agreement was proposed within days of the due date and because the objectives of the prepayment provision are satisfied, we conclude that the installment agreement entered in this case is strong evidence of substantial compliance with section 42.08(b).

### 2. Substantial Compliance with subsection (d)

Compliance with the inability to pay portion of subsection (d) requires a property owner to file an oath of inability to pay and have a hearing to determine if access to courts will be unreasonably restricted by requiring the property owner to prepay. *See* Tex. Tax Code Ann. § 42.08(d). The statute also provides a thirty-day grace period for a property owner who substantially, but not fully, complies with section 42.08. *See id.* Similar to the analysis in *Missouri Pacific,* we believe the legislature sought to accomplish at least two objectives with the inability to pay provision: 1) notification to the interested parties of the property owner's inability to pay, which informs the taxing units of the tax dollars that will not be paid prior to the delinquency date; and 2) access to the courts to challenge the valuation of property by those property owners who are unable to prepay their tax liability. *See id.*

J.C. Evans notified the assessor-collector that it could not timely pay. The assessor-collector *acquiesced* in J.C. Evans' representation of inability to pay, without requiring J.C. Evans to provide further proof, and subsequently entered a short-term installment agreement with J.C. Evans.[7] By accepting J.C. Evans' representation of inability to pay and by entering the installment agreement, it was unnecessary for J.C. Evans to file an oath of inability.

J.C. Evans' conduct satisfies the objectives of the inability to pay provision by notifying the interested parties that certain tax revenue could not be paid prior to the delinquency date, and also by specifying when and how it would be paid. J.C. Evans' conduct of informing the assessor-collector that it could not pay and that it wanted to enter an installment agreement is some evidence that J.C. Evans was unable to timely pay its taxes. In addition, TCAD did not present evidence of J.C. Evans' ability to pay. Accordingly, we conclude that J.C. Evans' conduct is strong evidence of substantial compliance with subsection (d).

### 3. Substantial Compliance with a Combination of Both (b) and (d)

Although this case does not fall squarely within either subsection (b) or (d), we believe J.C. Evans' conduct substantially complies with a combination of both (b) and (d) sufficient to avoid forfeiture. As evidence of substantial compliance with the inability to pay portion of subsection (d), J.C. Evans notified the assessor-collector that it could not timely pay and the assessor-collector accepted the company's representation without further proof. After informing the assessor-collector that it could not pay, J.C. Evans then attempted to comply with subsection (b) by entering into an installment agreement with the assessor-collector. By paying its tax liability in installment payments, J.C. Evans substantially complied with subsection (b). Even though not paid by the due date or

---

7. The Tax Code allows a property owner up to 36 months to pay a delinquent tax obligation. *See* Tex. Tax Code Ann. § 33.02(a) (West 1992). Here, the installment agreement required J.C. Evans to pay $21,800 per month for nine months. *See* n. 2.

in lump sum, the installment agreement was contemplated on the due date, consummated within a short time after the due date, and was to be paid in full within nine months.

### Conclusion

Because J.C. Evans substantially complied with section 42.08 by notifying the assessor-collector that it could not timely pay and by entering an installment agreement, we conclude the trial court erred by dismissing J.C. Evans' appeal to district court. Because part of the evidence that J.C. Evans substantially complied with section 42.08 was the installment agreement, and because section 42.08(d) requires full compliance, we reverse the order of dismissal and remand to the trial court to allow J.C. Evans to present proof of its compliance with the installment agreement.[8] On the facts of this case, we hold that proof of full and complete satisfaction of the installment agreement for the subject property will constitute full compliance with section 42.08. *See* Tex. Tax Code Ann. § 42.08(d).

---

8. The parties stipulated that as of the date of the *hearing* on the motion to dismiss, J.C. Evans was in compliance with the installment agreement. However, at the time of the hearing, J.C. Evans had not fully discharged its obligations under the installment agreement.