Opinion issued June 26, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00749-CV

————————————

## WILLIAM J. SONNE, Appellant

## V.

## HARRIS COUNTY APPRAISAL DISTRICT, Appellee

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2009-73275

## MEMORANDUM OPINION

William J. Sonne filed a suit for judicial review in district court, pursuant to

Chapter 42 of the Tax Code, challenging the Harris County Appraisal District's

(HCAD) appraised value of two commercial properties for the 2009 and 2010 tax

years. HCAD moved to dismiss for lack of subject-matter jurisdiction alleging that Sonne had failed to substantially comply with section 42.08 of the Tax Code. The trial court granted the motion and dismissed Sonne's suit. In four issues, Sonne argues that the trial court erred by granting HCAD's motion to dismiss and denying (or alternatively, failing to consider) Sonne's motion for substantial compliance. We affirm.

## Background

The underlying tax dispute involves two contiguous tracts of land owned by Sonne. For tax year 2009, HCAD appraised Tract 32[1] at $140,400 and Tract 33[2] at $107,320. Sonne protested these appraised values to HCAD's Appraisal Review Board (ARB),[3] which reduced the appraised value of Tract 32 to $60,000 and the appraised value of Tract 33 to $40,300. Accordingly, the total amount of taxes due for 2009 was $637.94. On November 11, 2009, Sonne filed his original petition for judicial review challenging the ARB's 2009 decisions[4] in which Sonne stated, "Pursuant to Section 42.08, Plaintiff intends on timely paying all taxes due on the

---

[1]   Tract 32 bears HCAD account number 073-159-000-0032.

[2]   Tract 33 bears HCAD account number 073-159-000-0033.

[3]   Although the ARB was named as a party in the original and first amended petitions, the ARB was never served and did not appear in this suit. [CR 23] Accordingly, the ARB is not a party to this appeal. *E.g., Koll Bren Fund VI, LP v. Harris Cnty. Appraisal Dist.*, No. 01-07-00321-CV, 2008 WL 525799, at *1, n.1 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.).

[4]   *See* TEX. TAX. CODE ANN. § 42.01 (West 2008) (granting property owners right to judicial review of appraisal review board's decisions).

2

property, or the taxes due on the undisputed portion of the value of the property, or if unable to timely pay the lesser of these amounts, Plaintiff requests relief from the Court."

For the 2010 tax year, HCAD appraised Tract 32 at $35,100 and Tract 33 at $26,830. Sonne protested HCAD's appraisals to the ARB, which reduced the 2010 appraised values of Tracts 32 and 33 to $3,510 and $2,683, respectively. Thus, the total amount of taxes due for both tracts in 2010 was $39.42. On August 24, 2010, Sonne amended his 2009 lawsuit to add a challenge of the 2010 appraisals.

On January 23, 2012, HCAD filed a motion to dismiss alleging that Sonne had not paid any portion of the 2009 and 2010 ad valorem taxes due on either tract, and asked the court to dismiss the judicial appeal for want of jurisdiction, pursuant to Tax Code section 42.08. Sonne filed a response and objection to the motion, combined with a motion to determine substantial compliance under section 42.08(d) in which he claimed that a previous partial taking of the subject tracts by the State of Texas for the Katy Freeway expansion rendered the tracts valueless, and therefore, the "undisputed" amount of taxes owed was zero. In the affidavit that he attached as Exhibit 1 to his response and motion, Sonne avers that the remaining portions of Tracts 32 and 33

> are subject to governmental and administrative restrictions from the City of Spring Valley, Texas, that require minimum set-backs in order to construct any improvements on the tracts. There is no dimension on either tract as they are situated as of January 1, 2009 and January 1,

3

2010 that would allow the construction of improvements. Neither tract is of sufficient size to use for any purpose. In my opinion the fair market value of each of the tracts as of January 1, 2009 and January l, 2010 was zero dollars ($0.00) and the ad valorem taxes that should have been due for the two tracts as of January 1, 2009 and January 1, 2010, was zero dollars ($0.00).

HCAD's motion and Sonne's combined response and motion to determine substantial compliance were heard by the trial court on May 18, 2012. There is no reporter's record in this case. On July 18, 2012, the trial court granted HCAD's motion and dismissed Sonne's suit with prejudice. No findings of fact or conclusions of law were requested or entered.

## Standard of Review

Compliance with the prepayment requirements of section 42.08 is a jurisdictional prerequisite to the district court's subject-matter jurisdiction to determine a property owner's rights. *See U. Lawrence Boze' & Assoc. P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ)). Whether a trial court has subject-matter jurisdiction over a case is a question of law and, therefore, we review de novo a trial court's ruling on a motion to dismiss for lack of jurisdiction. *See Carter v. Harris Cnty. Appraisal Dist.*, 409 S.W.3d 26, 30 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (conducting de novo review of HCAD's motion to dismiss for lack of jurisdiction and property owner's motion for substantial compliance under

4

section 42.08; applying standard of review applicable to pleas to jurisdiction); *U. Lawrence Boze'*, 368 S.W.3d at 23–24 (conducting de novo review of ruling on plea to jurisdiction based on failure to substantially comply with section 42.08); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (holding rulings on pleas to jurisdiction are reviewed de novo). However, where, as here, an appellant challenges a trial court's implicit jurisdiction-related findings of fact, we review these findings for legal and factual sufficiency. *See McDaniel v. Town of Double Oak*, No. 02-10-00452-CV, 2012 WL 662367, at *2 (Tex. App.—Fort Worth Mar. 1, 2012, pet. denied) (mem. op.); *see also Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 700–01 (Tex. App.—Austin 2012, pet. denied) ("On appeal, [trial court's jurisdiction-related findings of fact]—whether explicit or implicit—may be challenged for legal and factual sufficiency."). Where the trial court did not issue findings of fact, as was the case here, the reviewing court presumes that the trial court resolved all factual disputes in favor of its determination. *See Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

We consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). All the evidence must be

considered when reviewing a factual sufficiency complaint and the verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

### Tax Code Section 42.08

Tax Code chapter 42 governs judicial review of a determination made by the ARB. *See* TEX. TAX. CODE ANN. §§ 42.01–42.43 (West 2008 & Supp. 2013). Within that chapter, section 42.08(b) requires, in part, as follows:

> Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
> (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
>
> (2) the amount of taxes due on the property under the order from which the appeal is taken.
>
> (b–1) This subsection applies only to an appeal in which the property owner elects to pay the amount of taxes described by Subsection (b)(1). The appeal filed by the property owner must be accompanied by a statement in writing of the amount of taxes the property owner proposes to pay.

*Id.* § 42.08(b), (b–1) (West Supp. 2013). Section 42.08(b)'s prepayment requirement serves two primary objectives: (1) to ensure that property owners do "not use the right of judicial review as a subterfuge for delaying or avoiding the

6

payment of at least some tax"; and (2) to "assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review." *U. Lawrence Boze'*, 368 S.W.3d at 27 (quoting *Mo. Pac. R.R. Co. v. Dall. Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 [Tex. App.—Dallas 1987, no writ)); *J.C. Evans Constr. Co., Inc. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 451 (Tex. App.—Austin 1999, no pet.).

Generally, with some exceptions not applicable here, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." TEX. TAX. CODE ANN. § 31.02(a) (West 2008). Thus, the delinquency dates for 2009 and 2010 property taxes were February 1, 2010, and February 1, 2011, respectively. *See id.*

Subsection (d), which creates an exception to the prepayment requirement for property owners unable to pay the taxes at issue,[5] also allows a party to move for "a hearing to review and determine compliance" with Section 42.08. Subsection (d) states in pertinent part:

---

[5]  Subsection 42.08(d) also excuses a property owner from the pre-payment requirement of section 42.08(b) if the owner files an "oath of inability to pay the taxes at issue" and the trial court determines that "such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." TEX. TAX CODE ANN. § 42.08(d). This portion of subsection 42.08(d), however, is inapplicable because Sonne did not file an oath of inability to pay and he does not contend that he was unable to pay the full amount of ad valorem taxes due in 2009 ($637.94) or 2010 ($39.42).

On the motion of a party and after the movant's compliance with Subsection (e),[6] the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.

*Id.* § 42.08(d).

As the party seeking dismissal for lack of subject-matter jurisdiction, HCAD had the burden to establish that Sonne did not substantially comply with the requirements of section 42.08. *U. Lawrence Boze'*, 368 S.W.3d at 26; *J.C. Evans*, 4 S.W.3d at 449. "'Substantial compliance' means that one has performed the 'essential requirements' of a statute and it 'excuse[s] those deviations from the performance required by statute which do not seriously hinder the legislature's purpose in imposing the requirement.'" *U. Lawrence Boze'*, 368 S.W.3d at 27; *see also Dall. Cent. Appraisal Dist. v. 717 S. Good Latimer Ltd.*, No. 05-09-00779-CV, 2010 WL 1729343, at *2 (Tex. App.—Dallas Apr. 29, 2010, pet. denied) (mem. op.) ("Substantial compliance means one has performed the 'essential requirements' of a statute."). Whether a property owner has substantially complied with section 42.08 is a factual matter to be determined by the trial court on a case-by-case basis. *U. Lawrence Boze'*, 368 S.W.3d at 26; *J.C. Evans*, 4 S.W.3d at 449.

---

[6] Subsection (e) states: "Not later than the 45th day before the date of a hearing to review and determine compliance with this section, the movant must mail notice of the hearing by certified mail, return receipt requested, to the collector for each taxing unit that imposes taxes on the property." TEX. TAX CODE ANN. § 42.08(e).

If there is no substantial compliance, the trial court must dismiss the suit. *See* TEX. TAX CODE ANN. § 42.08(d).

## Tax Code Section 42.08 is Jurisdictional

In his first issue, Sonne contends that the trial court erred in dismissing his suit for judicial review because the requirements of Tax Code section 42.08 are not jurisdictional. Sonne argues that the trial court acquired jurisdiction when the suit was timely filed (before the delinquency dates) and it maintained jurisdiction through to the time when the case was dismissed. In particular, Sonne contends:

> In dismissing the case, the district court had to exercise jurisdiction and make a judicial finding that exceptions to Section 42.08 did not exist (even though the exception was plead and evidence was submitted proving it) and/or make an actual determination of "the amount of taxes due on the portion of the taxable value of the property that [was] not in dispute." In either event, this should not have been a jurisdictional inquiry.

Sonne's argument, however, ignores the fact that this court and others have consistently held that compliance with section 42.08 *is* jurisdictional. *See Carter*, 409 S.W.3d at 30 (citing *U. Lawrence Boze'*, 368 S.W.3d at 23–24); *Gen. Motors Acceptance Corp. v. Harris Cnty. Mun. Util. Dist. # 130*, 899 S.W.2d 821, 822, 824 n.3 (Tex. App.—Houston [14th Dist.] 1995, no writ) (affirming trial court's grant of taxing authority's motion to dismiss for lack of subject-matter jurisdiction on grounds that property owner forfeited right to appeal by failing to comply with section 42.08's pre-payment requirement; noting that filing plea to the jurisdiction

9

"might be a better practice"); *Lawler*, 855 S.W.2d at 271 (stating compliance with prepayment requirements of section 42.08 "is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights"); *see also Eggert v. Comanche Cent. Appraisal Dist.*, No. 11-05-00416-CV, 2007 WL 3026716, at *3 (Tex. App.—Eastland Oct. 18, 2007, no pet.) (per curiam) (mem. op.) (holding property owner did not substantially comply with section 42.08 provisions because she paid no taxes before delinquency date and affirming dismissal of suit for lack of jurisdiction).

We overrule Sonne's first issue.

## Compliance with Section 42.08

In his second and third issues, Sonne challenges the trial court's dismissal of his suit on the ground that he complied with section 42.08(b)(1)'s requirement to pay the portion of the taxes due on the taxable value of the property not in dispute. In particular, Sonne contends that the trial court erred by (1) failing to determine whether he fully or substantially complied with subsection 42.08(b)(1) and the case should be remanded to allow the trial court to make the required determination pursuant to *Central Appraisal District of Rockwall County v. Lall*, 924 S.W.2d 686 (Tex. 1996), and (2) failing to consider (or alternatively, denying) Sonne's motion for substantial compliance under section 42.08(d).

10

**A. Trial Court Implicitly Found that Sonne Did Not Fully Comply with Subsection 42.08(b)(1), or Substantially Comply Pursuant to Subsection 42.08(d)**

The trial court's order states that the court "considered [HCAD's] Motion to Dismiss for Lack of Subject-Matter Jurisdiction," found that the court lacked subject-matter jurisdiction over the case, granted the motion, and dismissed the appeal with prejudice. The order does not specifically mention Sonne's response to the motion to dismiss, or Sonne's motion for substantial compliance which was included in the same filing as his response. The issues that were raised in Sonne's response and motion, however, were nevertheless before the court and were integral to the court's decision to grant HCAD's motion. In particular, section 42.08(d) directs the court to "hold a hearing to review and determine compliance with this section" (i.e., section 42.08) and "[i]f the court determines that the property owner has not substantially complied with [section 42.08], the court shall dismiss the pending action." TEX. TAX CODE ANN. § 42.08(d). Here, the record reflects that the court held a hearing on HCAD's motion to dismiss, which was based on HCAD's claim that Sonne failed to comply with section 42.08's prepayment requirement. The trial court could only have granted HCAD's motion if the court found that Sonne had not fully or substantially complied with section 42.08. Thus, the trial court's determination of these jurisdictional facts is implicit in the court's order granting HCAD's motion. *See Am. Type Culture Collection*,

11

83 S.W.3d at 806 (reviewing court presumes that trial court resolved all factual disputes in favor of its determination when no findings of fact are issued).

Contrary to Sonne's contention, the Supreme Court's opinion in *Lall* does not require remand in the present case for the trial court to determine whether Sonne complied with section 42.08. First, as previously discussed, the trial court has already made this implicit finding. Second, *Lall* is distinguishable. In *Lall* the Supreme Court construed a prior version of section 42.08(b)(1)-(2), which the legislature has since amended to remove the provision the *Lall* court found unconstitutional. *See Hous. Land & Cattle Co., L.C. v. Harris Cnty. Appraisal Dist.*, 104 S.W.3d 622, 625 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (discussing *Lall*). Former section 42.08(b)(1)-(2) required the property owner to pay "the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater" or "the amount of taxes due on the property under the order from which the appeal is taken," as a condition to a suit for judicial review. *Lall*, 924 S.W.2d at 692. *Lall* held that the second prong of section 42.08(b)(1) was unconstitutional (i.e., the requirement to pay the amount of taxes imposed on the property in the preceding year), but it upheld section 42.08(b)(1)'s first prong, which required the property owner to pay the undisputed tax liability at the risk of forfeiture of right to suit for judicial review. *Lall*, 924 S.W.2d at 692.

Because the record reflected that the property owner had "paid some tax, but it [was] unclear whether the payment equaled the undisputed amount," the Court remanded the case to the trial court to determine whether the property owner complied with the requirements of section 42.08 "as modified by this opinion." *Id.* at 690, 692. Unlike in *Lall*, we are not modifying the controlling statute, and thus, no remand is required to allow the trial court to make factual determinations in light of our opinion.

**B.      Full or Substantial Compliance with Subsection 42.08(b)(1)**

Sonne argues that, pursuant to section 42.08(b)(1), the property owner is entitled to determine the undisputed value of the property[7] and that even though he did not pay any portion of the taxes before the delinquency dates, he nevertheless complied with subsection 42.08(b), because, in his opinion, both tracts are worthless, and therefore, "the amount of taxes due on the portion of the taxable value of the property that is not in dispute" is zero. *See* TEX. TAX CODE ANN. § 42.08(b)(1) (allowing property owner to pay "the amount of taxes due on the portion of the taxable value of the property that is not in dispute").

---

[7]      In particular, Sonne argues in his brief: "Clearly, Section 42.08(b) (1) permits a property owner to present their position with regard to the value of property not in dispute in the judicial appeal and timely pay the taxes that would have been due on that undisputed value. The statute does not preclude a property owner from taking the position that a property is valueless, and therefore not taxable."

13

Subsection 42.08(b)(1), however, only applies when the property owner "elects to pay the amount of taxes described by Subsection (b)(1)" and the property owner's suit for judicial review is "accompanied by a statement in writing of the amount of taxes the property owner proposes to pay" before the delinquency date, as allowed by subsection 42.08(b)(1). TEX. TAX CODE ANN. § 42.08(b), (b–1) (West Supp. 2012); *Carter*, 409 S.W.3d at 34. If he does not make the election, the property owner will be required to pay the full amount of taxes unless he substantially complies with section 42.08 pursuant to subsection 42.08(d). *See* TEX. TAX CODE ANN. § 42.08(b), (b–1), (d); *Carter*, 409 S.W.3d at 34. If he does neither, the property owner forfeits his right to judicial review. *See* TEX. TAX CODE ANN. § 42.08(b), (d); *Carter*, 409 S.W.3d at 34.

Here, the record reflects that Sonne did not elect to pay the undisputed amount of taxes in his suit for judicial review. Instead, Sonne stated in his original and amended petitions that he would pay the full amount, or the undisputed amount, or he would seek relief from the court. He also did not indicate the undisputed amount of taxes that he proposed to pay pursuant to subsection (b)(1) in either petition, as required by subsection 42.08(b-1). *See* TEX. TAX CODE ANN. § 42.08(b-1). Accordingly, Sonne was required to pay the full amount of taxes before the delinquency date or to substantially comply with section 42.08 pursuant

14

to subsection 42.08(d) in order to avoid forfeiting his right to judicial review. *See id.* § 42.08(b), (b–1), (d); *Carter*, 409 S.W.3d at 34.

HCAD established, and it is undisputed, that Sonne paid zero dollars in taxes before the delinquency dates for tax years 2009 and 2010. Thus, the only way for Sonne to avoid forfeiting his right to judicial review is by substantially complying with section 42.08. "'Substantial compliance' means that one has performed the 'essential requirements' of a statute and it 'excuse[s] those deviations from the performance required by statute which do not seriously hinder the legislature's purpose in imposing the requirement.'" *U. Lawrence Boze'*, 368 S.W.3d at 27. As this Court has previously recognized, the primary legislative objectives behind the prepayment requirement are: (1) to ensure that property owners do "not use the right of judicial review as a subterfuge for delaying or avoiding the payment of at least some tax"; and (2) to "assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review." *Id.* (quoting *Mo. Pac. R.R.*, 732 S.W.2d at 721); *J.C. Evans*, 4 S.W.3d at 451. Not surprisingly, courts, including ours, have repeatedly held that if the property owner does not pay *any portion* of the assessed taxes by the delinquency date, the property owner has not substantially complied with section 42.08(b) and dismissed such suits for lack of

jurisdiction. *See U. Lawrence Boze'*, 368 S.W.3d at 27–28 (citations omitted); *J.C. Evans*, 4 S.W.3d at 451 (citations omitted).

After considering the evidence in this case in the light most favorable to the prevailing party—HCAD, according every reasonable inference in HCAD's favor and disregarding contrary evidence unless a reasonable fact-finder could not, we hold that the evidence is legally sufficient to support the trial court's implicit findings that Sonne failed to either fully or substantially comply with section 42.08. *See City of Keller*, 168 S.W.3d at 827. After considering all of the evidence, we hold that the trial court's implicit findings, which are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, to be supported by factually sufficient evidence. *See Cain*, 709 S.W.2d at 176. Accordingly, we cannot say that the trial court erred when it implicitly found that Sonne failed to fully or substantially comply with section 42.08 and granted HCAD's motion to dismiss.

We overrule Sonne's second and third issues.

### Constitutionality of Tax Code Section 42.08

In his fourth issue, Sonne contends that section 42.08 is unconstitutional because it deprives him of due process and access to the courts. In particular, Sonne argues that the statute is facially unconstitutional because it "permits a court to sua sponte make a necessary factual determination within the confines of a

16

jurisdictional determination" and thus, gives the "district court the unfettered discretion to forfeit a property owner's right to judicial appeal and access to open courts."

First, the record in this case does not reflect that Sonne raised this challenge to the constitutionality of section 42.08 before the trial court. *See Gen. Motors Acceptance Corp.*, 899 S.W.2d at 826 (holding property owner failed to preserve appellate challenge to constitutionality of section 42.08 by not properly raising issue in trial court). Second, even if the issue is preserved for our review, the statute does not permit a court to make "sua sponte" factual determinations, as Sonne contends. On the contrary, the statute requires the court to hold a hearing to determine whether the property owner has complied with section 42.08. *See* TEX. TAX. CODE ANN. § 42.08(d) (stating "the court *shall* hold a hearing to review and determine compliance with this section") (West 2008) (emphasis added). Moreover, pleas to the jurisdiction routinely require courts to consider relevant evidence and facts applicable to the resolution of jurisdictional issues. *See Miranda*, 133 S.W.3d at 226–27 (stating courts must consider relevant evidence submitted by parties when necessary to resolve jurisdictional issues presented by plea to jurisdiction challenging existence of jurisdictional facts). Third, the Texas Supreme Court has already considered the constitutionality of section 42.08 and upheld the constitutionality of the section's requirement that a property owner pay

17

the amount due on the taxable value of the property that is not in dispute. *See Lall*, 924 S.W.2d at 693 (interpreting prior version of section 42.08 that required property owners to pay amount due on taxable value of property not in dispute, or amount of taxes imposed on property in preceding year, whichever is greater, as condition for judicial review; holding forfeiture provision unconstitutional as to second prong, but upholding constitutionality of first).

We overrule Sonne's fourth issue.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.