Giovanny LAGUAN, Appellant

v.

Hilary J. LLOYD and Kimberly A. Lloyd, Appellees

NO. 01–14–00693–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued May 5, 2016

---

Marina Del T. Martinez, pro se.

Giovanny Laguan, pro se.

Russell C. Jones, The Holloway Jones Law Firm, P.L.L.C., Sugar Land, TX, for Appellee.

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

## OPINION

Laura Carter Higley, Justice

Appellees, Hillary J. Lloyd and Kimberly A. Lloyd, filed suit against Appellant, Giovanny Laguan, seeking a determination that title to certain property had been redeemed by the Lloyds. The trial court granted summary judgment on the Lloyds' claims, and Laguan appealed.[1] In one issue, Laguan argues the trial court erred by granting summary judgment on the Lloyds' claims.

We reverse and remand.

## Background

The Lloyds owned certain property in Sugarland, Texas. The homeowners' association had foreclosed upon the property on June 5, 2012. Laguan purchased the property at the foreclosure sale. On August 22, 2012, the Lloyds sent a letter to Laguan expressing their intent to redeem the property. By early December 2012, Laguan had not responded to the letter.

The Lloyds then filed suit against Laguan. The Lloyds alleged that they had attempted to redeem the property, but that Laguan had failed to comply with his obligations for the redemption. The Lloyds sought to compel Laguan to comply with the redemption process and to obtain a declaration that they were again the owners of the Sugar Land property.

On June 27, 2014, the Lloyds moved for summary judgment on their claims. The record and evidence attached to the motion for summary judgment established, among other things, the following:

- the homeowners' association foreclosed on the property on June 5, 2012;
- Laguan purchased the property at the foreclosure sale;

---

1. Another party, Marina Del Transito Martinez, was added as a defendant to the underlying suit and summary judgment was rendered against him as well. Laguan, who appeared pro se at trial and on appeal, filed a notice of appeal purporting to appeal on his and Martinez's behalf. Martinez did not sign the notice of appeal, file a brief in this Court, or in any other way include himself in this appeal. A non-attorney may represent himself but may not represent another party. *See* Tex. R. Civ. P. 7; *Pham v. Harris Cty. Rentals, L.L.C.*, 455 S.W.3d 702, 710 (Tex. App.–Houston [1st Dist.] 2014, no pet.); *see also Lee v. Dixie Farm Texaco, Inc.*, No. 01–13–00323–CV, 2013 WL 3148310, at *1 (Tex. App.–Houston [1st Dist.] June 18, 2013, no pet.) (mem.op.) (holding non-attorney cannot file notice of appeal on behalf of another person). Accordingly, Martinez is not a party to this appeal.

- on June 15, 2012, the homeowners' association sent notice to the Lloyds that the property had been sold to Laguan at the foreclosure sale;
- on August 22, 2012, the Lloyds sent a letter to Laguan expressing an intent to redeem the property;
- on December 3, 2012, the Lloyds filed suit against Laguan to redeem the property;
- on February 26, 2013, the associate judge for the trial court entered an order determining that the amount the Lloyds owed Laguan was $7,830, requiring the Lloyds to pay that amount within 10 days of the order to redeem the property, and requiring Laguan to execute and deliver a redemption deed within 10 days of receipt of payment;
- Laguan appealed the order to the trial court;
- on March 27, 2013, the trial court adopted the associate judge's order;
- on April 4, 2012, the Lloyds tendered a check in the amount of $7,830 to Laguan; and
- around April 15, 2012, Laguan returned the check to the Lloyds and informed them that he had sold "the lien attached to the property" to a third party (Martinez) and had conveyed ownership to another party (JP Morgan Chase Bank).

In his response to the motion for summary judgment, Laguan attached a letter from himself to the Lloyds dated February 15, 2013. In the letter, Laguan itemized the amount he claimed was owed in order for the Lloyds to redeem the property. He also demanded payment within 10 days of the letter, asserting that the redemption period would close afterwards.

The trial court granted the Lloyds' motion. The order declared that the Lloyds had the same title in the property that they had held before the foreclosure and required the Lloyds to put $7,830 into the court registry for Laguan to claim.

## Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex.2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005).

When it moves for summary judgment on a claim for which it bears the burden of proof, a party must show that it is entitled to prevail on each element of its cause of action. *See Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex.App.–Houston [1st Dist.] 2003, no pet.). The party "meets this burden if it produces evidence that would be sufficient to support an instructed verdict at trial." *Id.*

To determine whether there is a fact issue in a motion for summary judgment, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of*

*Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002).

## Analysis

In his sole issue on appeal, Appellant argues that the trial court erred by granting summary judgment because he presented proof that he provided written notice of the amounts that must be paid to redeem the property and that the Lloyds did not pay him what was owed within the required time.

Section 209.011 of the Texas Property Code allows a homeowner whose home was foreclosed upon by a property owners' association to redeem the property within a certain period of time after the foreclosure. TEX. PROP. CODE ANN. § 209.011(b) (Vernon 2014). The homeowner has 180 days from the date of notice of the foreclosure sale to redeem the property. *Id.* In order to redeem the property when the purchaser was someone other than the property owners' association, the owner must pay the purchaser the foreclosure purchase price along with certain other incurred costs. *Id.* § 209.011(e)(2).

> If a lot owner or lienholder sends by certified mail, return receipt requested, a written request to redeem the property on or before the last day of the redemption period, the lot owner's or lienholder's right of redemption is extended until the 10th day after the date the association and any third party foreclosure purchaser provides written notice to the redeeming party of the amounts that must be paid to redeem the property.

*Id.* § 209.011(m). If the purchaser fails to comply with the requirements of section 209.011, the property owner can file suit against the purchaser and obtain attorneys' fees if the owner prevails. *Id.* § 209.011(f).

It has long been the practice in Texas to liberally construe redemption statutes in favor of redemption. *See Gonzalez v. Razi*, 338 S.W.3d 167, 170 (Tex.App.–Houston [1st Dist.] 2011, pet. denied) ("[I]t has been the practice in Texas since at least 1909 to liberally construe redemption statutes in favor of redemption."); *Khyber Holdings, LLC v. HSBC Bank USA, Nat'l Ass'n*, No. 05–12–01212–CV, 2014 WL 1018195, at *3 (Tex.App.–Dallas March 15, 2014, no pet.) (mem.op.) ("We construe redemption statutes liberally in favor of the right of redemption."). For redemption under section 209.011, the owners (here, the Lloyds) bear the burden at trial of proving a right to redemption. *See Gonzalez*, 338 S.W.3d at 170 (holding party who seeks action from court is party who bears burden at trial); Prop. § 209.011(e)(2), (f) (requiring payment from owner to purchaser and execution of deed from purchaser before property is considered redeemed).

For many redemption statutes, the owner carries her burden of establishing her right of redemption by showing "substantial compliance" with the statutory requirements. *Mekhail v. Duncan–Jackson Mortuary, Inc.*, 369 S.W.3d 482, 486 (Tex.App.–Houston [1st Dist.] 2012, no pet.). We must determine if that standard applies here.

The long-standing practice of liberally construing redemption statutes in favor of redemption "weighs in favor of not strictly construing the requirements of the statute and, instead, of weighing multiple factors to determine whether the payment was sufficient to avoid 'seriously hinder[ing] the legislature's purpose in imposing the requirement.'" *Id.* (quoting *J.C. Evans Const. Co., Inc. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 451 (Tex.App.–Austin

1999, no pet.)). Another factor in determining whether a substantial-compliance burden is proper is whether proof of compliance is based on subjective or disputable requirements. *See id.* ("Because certain matters in the statute are subjective and readily subject to dispute, it follows that a practice of determining whether the original owner has substantially complied with the statute becomes necessary.").

■ Here, the amount for some of the items for which section 209.011 requires reimbursement for redemption might be known only by the purchaser. *See* Prop. § 209.011(e)(2)(C), (E) (requiring reimbursement of amount of deed recording fee and taxable costs incurred in a proceeding brought in forcible entry and detainer actions). The statute implicitly acknowledges this by allowing the owner to request an itemization of costs from the purchaser and extending the redemption period until 10 days after the purchaser responds. *Id.* § 209.011(m). Accordingly, we hold the owner carries her burden by showing substantial compliance with the statute. *See Khyber Holdings,* 2014 WL 1018195, at *5 (holding owner seeking redemption of property under section 209.011 "must only substantially comply with the redemption statute").

■ Laguan's argument on appeal focuses on subsection 209.011(m). It is undisputed that the Lloyds sent a written request to Laguan to redeem the property within the 180–day redemption period. Laguan presented proof in his response to the motion for summary judgment that he responded to the Lloyds on February 15, 2013, a date outside of the 180–day redemption period. Laguan argues that, because his written notice to the Lloyds of the amounts that must be paid to redeem was outside of the 180–day redemption period, the Lloyds only had 10 days to pay the redemption amount before losing the right to redeem the property. Ten days after February 15 is February 25. The only evidence of any attempt to pay the redemption amount comes from the Lloyds' summary judgment evidence, indicating that they paid Laguan on April 4, 2013, pursuant to the trial court's order for payment. Laguan argues that this was outside the permissible redemption period and, accordingly, the trial court erred by granting summary judgment in the Lloyds' favor.

To resolve whether Laguan raised a fact issue about whether the Lloyds had complied with the requirements to redeem the property, we find the Dallas Court of Appeals's analysis in *Khyber Holdings* to be instructive. In *Khyber Holdings,* the property owner sought to redeem the property by sending a letter of intent to redeem to the purchaser within the redemption period. *See id.* at *1. The purchaser did not respond to the letter. *Id.* Almost a month later, the owner filed suit against the purchaser. *Id.* The suit was filed within the initial redemption period. *See id.* On the same day it answered the suit, the purchaser sent a letter to the owner, stating the price to redeem the property. *Id.* Four days after the regular redemption period expired but within ten days of the purchaser's letter stating the price to redeem, the owner submitted a check to the purchaser in the amount stated by the purchaser. *See id.* at *1–2.

The purchaser refused to acknowledge redemption of the property. *Id.* at *2. The case proceeded to trial. *Id.* The jury determined "that [the owner] timely requested to redeem the property, and timely tendered to [the purchaser] the amount necessary to redeem the Property." *Id.* The purchaser appealed, challenging the sufficiency of the jury's determinations. *Id.*

The court held that both the letter of intent to redeem the property and the original petition—both filed within the initial, 180-day redemption period—"constitute some evidence of substantial compliance with the requirements of Chapter 209." *Id.* at *5. The court also upheld the jury's determination that the owner timely tendered the amount to redeem the property. *Id.* at *6.

Here, the Lloyds presented proof that they sent a written request to redeem the property to Laguan and filed suit against Laguan seeking redemption, both within the initial redemption period. We hold this is some evidence of substantial compliance with the requirements of section 209.011 to redeem the property. *See id.* at *5.

In his response to the motion for summary judgment, Laguan presented some evidence that he sent a written notice of the amounts to be paid for redemption. This was sent after the initial redemption period expired. There is no evidence in the records that the Lloyds made any payment to Laguan within 10 days of Laguan's notice. This is some evidence that the Lloyds *did not* substantially comply with the requirements of section 209.011 to redeem the property. *See* Prop. § 209.011(m).

The Lloyds did not present any evidence or legal arguments to refute Laguan's claim that he sent them notice or that they failed to make any timely payment in response. At minimum, then, there is a fact question as to whether the Lloyds substantially complied with the requirements under section 209.011 to redeem the property. Accordingly, summary judgment in favor of the Lloyds' claims against Laguan was improper. *See* Tex.R. Civ. P. 166a(c) (permitting summary judgment only when there is no genuine issue regarding any material fact and moving party is entitled to judgment as matter of law).

We sustain Laguan's sole issue.

## Conclusion

We reverse the trial court's award of summary judgment against Laguan and remand for further proceedings.